UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN SEBASTIAN ROSERO CUABU,
    Prisoner,

v.

Case No. 8:25-cv-255–KKM–AAS
Case No. 8:19-cr-112-KKM-AAS

UNITED STATES OF AMERICA,
    Respondent.
_____

**ORDER**

Prisoner Juan Sebastian Rosero Cuabu moves to vacate his 120-month sentence for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. *See* 28 U.S.C. § 2255. Cuabu erroneously claims that he was denied credit at sentencing for his substantial assistance and that counsel was ineffective for not ensuring that he received credit for his substantial assistance. Because his claims are untimely, Cuabu is entitled to no relief.

**I.    Background**

A grand jury indicted Cuabu with one count of conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count One),

and one count of aiding and abetting the possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Crim. Doc. 1.) Under a plea agreement, Cuabu pleaded guilty to Count One, and the United States agreed to dismiss Count Two from the indictment. (Crim. Doc. 29.)

The United States moved under U.S. Sentencing Guidelines § 5K1.1 for a two-level downward departure from Cuabu's base offense level based on his substantial assistance in the prosecution of his codefendants. (Crim. Doc. 68.) At sentencing, the district court granted the motion and departed downward by two levels, which resulted in a total offense level of 33 and an advisory guidelines range of 135 to 168 months. (Crim. Doc. 70 and Crim. Doc. 69 at 2.) The district court granted Cuabu's request for a downward variance and sentenced him to 120 months. (Crim. Doc. 69 at 2 and Crim. Doc. 72.)

Cuabu filed no appeal. He now moves to vacate his sentence and erroneously claims that he was denied credit for his substantial assistance at sentencing and that counsel was ineffective for not ensuring that he received credit for his substantial assistance. (Civ. Doc. 1.) The United States moves to dismiss Cuabu's claims as untimely. (Civ. Doc. 4.)

An earlier order notifies Cuabu that he may file a reply no later than May 5, 2025. (Civ. Doc. 3.) To date, Cuabu has neither filed a reply nor sought an extension of time to do so.

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Cuabu's judgment of conviction was entered October 9, 2019. (Crim. Doc. 72.) The judgment became final 14 days later, on October 23, 2019. Under § 2255(f)(1), Cuabu had until October 23, 2020, to file his § 2255 motion, but he did not file the motion until January 23, 2025, the date on which placed the motion in the prison mailing system. (Civ. Doc. 1 at 12.) *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing'"). Therefore, Cuabu's motion is untimely

3

under § 2255(f)(1) because he filed it more than four years after the filing deadline.

When asked to explain why the one-year state of limitations does not bar his motion, Cuabu claims that a "miscarriage of justice has occurred." (Civ. Doc. 1 at 11.) According to Cuabu, he did not receive credit for his substantial assistance at sentencing, and the district court "stated that [it] would revisit the case in 5 years." (*Id*. at 4.) He argues that "he never had an opportunity to abide by the rules regarding timeliness for a 2255 petition under normal circumstances" because he placed his "faith in the court's decree at sentencing [that] required him to wait long past the one year deadline." (*Id*. at 11.)

The record belies Cuabu's claim. The district court did not defer its ruling on the United States' substantial-assistance motion. Rather, the undisputed record shows that the district court granted the motion at sentencing and departed downward by two levels, which resulted in a total offense level of 33 and advisory guidelines range of 135 to 168 months. (Crim. Doc. 70 and Crim. Doc. 69 at 2.) Cuabu fails to show that a miscarriage of justice excuses his late filing because his claim the district court deferred ruling on his substantial-assistance motion for five years is affirmatively contradicted by the record.

Cuabu's motion was filed more than four years after the expiration of the filing deadline under § 2255(f)(1), and he has not shown that he is entitled under another provision in § 2255(f) to a renewed start of the limitation

4

period, that he is entitled to equitable tolling, or that he is actually innocent. Additionally, although he had an opportunity to reply to the United States' motion to dismiss this action as untimely, Cuabu neglected to do so. Accordingly, Cuabu's motion must be dismissed as time-barred.[1]

## III. No Certificate of Appealability

Cuabu is not entitled to a certificate of appealability (COA). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Cuabu must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Cuabu

---

[1] Additionally, Cuabu's claims lack merit. As explained above, Cuabu's claim in Ground One that he was denied credit for his substantial assistance in prosecuting his codefendants is affirmatively contradicted by the record of the sentencing. And, for the same reason, Ground Two fails because Cuabu cannot show counsel rendered constitutionally ineffective assistance at sentencing by not ensuring that he received the benefit of his substantial assistance. Contrary to Cuabu's claims, the district court granted the United States' motion under U.S.S.G. § 5K1.1 and departed downward two levels from his base offense level.

is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

### IV. Conclusion

Cuabu's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**. A certificate of appealability and leave to appeal in forma pauperis are **DENIED**. Cuabu must obtain permission from the circuit court to appeal in forma pauperis. The clerk is directed to enter a **JUDGMENT** against Cuabu, terminate any pending motions, **CLOSE** this case, and enter a copy of this order in the criminal case.

**ORDERED** in Tampa, Florida, on June 5, 2025.

Kathryn Kimball Mizelle
United States District Judge